Zachariah Larson, Esq. (NV Bar No. 7787)                    E-Filed on: 2-24-2011
Shara Larson, Esq. (NV Bar No. 7786)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Proposed Attorneys for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

In re:                                                   Case No.: BK-S-11-11249-BAM
                                                         (Jointly Administered with Case No.:
NICK3, LLC,                                              BK-S-11-11252-BAM, BK-S-11-11253-BAM)

                         Debtor                          Chapter 11

NASDAQ5, LLC,

                         Debtor

ALEC4, LLC,                                              Hearing Date:  3-29-2011
                                                         Hearing Time:  10:00 AM
                         Debtor                          Courtroom 3

_____

Affects:
☒    All Debtors
☐    Affects the following Debtor(s)

**DEBTOR'S EMERGENCY MOTION FOR AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND RELATED RELIEF AND SCHEDULING FINAL HEARING PURSUANT TO FED. R. BANKR. P. 4001(b)(2)**

Nick3, LLC, Nasdaq5, LLC and Alec4, LLC, ("Debtors"), debtors and debtors-in-possession, by and through their proposed attorneys, the law firm of Larson & Stephens, LLC, hereby submits its Emergency Motion For An Interim Order Authorizing Use of Cash Collateral And Related Relief and Scheduling Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b)(2) ("Motion") and moves this Court for a temporary order authorizing use of cash collateral ("Interim Order") until such time as a final order ("Final Order") may be entered regarding

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

Debtors' Motion following a final hearing ('Final Hearing") on this Motion.

This Motion is based upon the fact that without consent of its secured creditors, Debtor must seek authorization from the Court to use cash collateral ("Cash Collateral") pursuant to Section 363(c)(2), Title 11, United States Code ("Bankruptcy Code") prior to using Cash Collateral. To the extent that cash collateral issues are present in this case, it is imperative that Debtors be able to use any alleged cash collateral until such time as a Final Order may be entered on its Motion. This Motion is made pursuant to 11 U.S.C. § 363, Bankruptcy Rules 4001(b) and 9014 and Local Rules 4001 and 9014 and is supported by the points and authorities contained herein, the Declaration of Chun Leon Chen ("Chen Declaration") filed in support hereof, any pleadings, papers and other records contained in the Court's file, judicial notice of which is hereby requested.

WHEREFORE, Debtor requests that this Court grant the Motion in its entirety and issue an order authorizing Debtor to use cash collateral and for such other and further relief as this Court deems just and proper.

DATED this 24th day of February, 2011.

LARSON & STEPHENS

BY  /s/ Zachariah Larson, Esq.
Zachariah Larson, Esq., Bar No. 7787
Shara Larson, Esq., Bar No. 7786
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Proposed attorneys for Debtor

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

## POINTS AND AUTHORITIES

## I.
## INTRODUCTION

1.      On January 28, 2011 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor owns, operates and manages, as debtor-in-possession, various properties as set forth in its Petition.

2.      No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in this case.

## II.
## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). The statutory basis for the relief sought herein is Sections 363(c)(2)(B) and 552(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 4001. Venue of Debtor's Chapter 11 case in the District of Nevada is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## SUMMARY OF RELIEF REQUESTED

4.      By this Emergency Motion, Debtor respectfully requests entry of a temporary order authorizing its use of all cash collateral over the objection of Beal Bank Nevada, if any, until such time as a final order may be entered following a final hearing on the Motion. Debtor specifically requests the authority to use cash collateral to pay all ongoing ordinary course administrative expense obligations incurred in the operation of the Debtor's ongoing business operations and administration of this Chapter 11 case.

/ / /

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## IV.
## BACKGROUND

5.      Debtor Nick3, LLC is a Nevada limited liability company that was formed in February 9, 2004.  See Declaration of Chun Leon Chen Filed Concurrently and In Support of First Day Motions ("Chen Declaration") at ¶ 8.

6.      Debtor Nasdaq5, LLC is a Nevada limited liability company that was formed in December 31, 2003.  See Chen Declaration, ¶ 9.

7.      Debtor Alec4, LLC is a Nevada limited liability company that was formed in February 9, 2004.  See Chen Declaration, ¶ 10.

8.      Debtors are in the business of real estate investment and commercial leasing and currently own several retail strip shopping centers and office buildings with improvements in Clark County, Nevada.  See Chen Declaration, ¶ 11, 30.

9.      In addition to offering leasing space within these properties, Debtors have tenants at these properties and these leases are not expected to be assumed.  The leases are as follows:

Nick3, LLC

> Beauty to Beauty with lease expiring or up for renewal on 10/31/2012
>
> Las Vegas Periodontal Care and Implant with lease expiring or up for renewal on 3/31/2012
>
> Lily Massage & Spa with lease expiring or up for renewal on 10/31/2011
>
> Pho Tahi Binh, LLC with lease expiring or up for renewal on 8/14/2020

Nasdaq5, LLC

> Ching Kuo Tony Lee, DMD with lease expiring or up for renewal on 3/31/2011
>
> CLK Restaurant with lease expiring or up for renewal on 9/30/2017
>
> CLK Restaurant with lease expiring or up for renewal on 8/31/2011
>
> Hong Qiu an dba Asian Beauty with lease expiring or up for renewal on 4/30/2014

/ / /

Alec4, LLC

CBS Outdoor aka Viacom Outdoor with lease expiring or up for renewal on 06/30/2035

Dynamic Innovations, Inc. with lease expiring or up for renewal on 3/31/2011

See Chen Declaration, ¶ 12, 31.

10.    In addition, there is an executory contract with Southwestern Management and Realty Team for property management. See Chen Declaration, ¶ 13, 32.

11.    In addition to leasing the properties, Debtor has ongoing monthly obligations including paying general monthly obligations, such as utilities and maintenance upkeep including but not limited to: landscaping and elevator maintenance and repairs.   See Chen Declaration, ¶ 14, 33.

12.    Debtors anticipate that by reorganizing its operations, Debtor will be able to operate at a profit. See Chen Declaration, ¶ 15.

13.    Debtors filed their voluntary Chapter 11 petition because Debtors believe that a reorganization pursuant to Chapter 11 of the Bankruptcy Code would preserve its assets and would be in the best interests all of its creditors and Debtors' estate. See Chen Declaration, ¶ 16.

14.    As Debtor's Profit and Loss Statements show, Debtors had substantial revenues for 2010.    Debtor's combined gross revenue was approximately $895,295.51. See Chen Declaration, ¶ 17, 34.

15.    Debtor's rental revenue for 2011 through February 15, 2011 is approximately $61,009.47. See Chen Declaration, ¶ 18, 35.

16.    As of the Petition Date, Debtor had cash on hand and in its bank accounts ("Bank Account"). See Chen Declaration, ¶ 36.

17.    Provided Debtor's business operations continue as planned, the secured lienholders' collateral will not decrease in value during the pendency of these proceedings and specifically pending entry of a Final Cash Collateral Order.  Furthermore, the ongoing business and the use of cash collateral generated will maintain and preserve the Debtors' estate and, in turn, the lienholders' collateral. See Chen Declaration, ¶ 37.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

18.    To the contrary, in the event Debtors' business operations do not remain ongoing and operating during the pendency of this Chapter 11 Case, the Debtors' assets and goodwill will decrease substantially in value and Debtor runs the risk of losing its tenants in the various commercial properties. The continued operation of the business is enhancing the value of its lienholders' claim. See Chen Declaration, ¶ 38.

19.    Ongoing utilities and regular business expenses from operations require Debtor to make immediate payment and the utilization of Debtor's cash in order to further comply with its obligations to the tenant. See Chen Declaration, ¶ 39.

## V.
## LEGAL AUTHORITY

The authorization for Debtors to use post-petition revenues of the business to the extent that such revenues may be cash collateral is necessary to avoid immediate and irreparable harm to Debtors and Debtors' estate. To the extent that it is determined that Debtors are using cash collateral, Debtors must have either consent of its lienholders or authorization by this Court prior to its use. See Sears Savings Bank vs. Tucson Industrial Partners, 129 B.R. 614 (9th Cir. BAP 1991). Until such time as this Court enters a Final Cash Collateral Order, it is respectfully requested this Court issue a temporary order authorizing Debtor to use any and all cash collateral.

Furthermore, Section 363(c)(3) of the Bankruptcy Code permits a preliminary hearing and order for use of Cash Collateral until a final hearing on the matter can be held. 11 U.S.C. § 363(c)(3). In addition, this section states, "The court shall act promptly on any request for authorization under paragraph 2(B) of this subsection." Id. Fed. R. Bankr. P. 4001(b)(2) specifically authorizes the bankruptcy court to conduct a preliminary hearing and authorize the use of cash collateral as necessary to avoid immediate irreparable harm to the estate. Without the ability to use Cash Collateral as requested herein, the estate will suffer irreparable and immediate harm caused by Debtors' inability to preserve the assets of the estate and otherwise continue operations in the ordinary course of business.

/ / /

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Section 363(c)(2) of the Bankruptcy Code provides:

> (2)    The trustee may not use, sell, or lease cash collateral under paragraph ( 1) of this subsection unless - -
>
> * * *
>
> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

Section 363(a) defines "cash collateral" as:

> . . .cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 522(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

Pursuant to Section 363, a court should authorize the use of cash collateral, including rents, where the lender is "adequately protected" for the rent being utilized. See In re Prichard Plaza Assoc. Ltd. Partnership, 84 B.R. 289 (Bankr. D. Mass. 1988); In re Oaksglen R-Vee, 8 B.R. 213 (Bankr. E. D. Ca. 1981). Adequate protection of an undersecured interest in real property exists when the real property is not depreciating in value. United Savings Assoc. of Texas vs. Timbers of Inwood Forest Associates, Ltd. 44 U.S. 365 (1988). An oversecured creditor is adequately protected if an equity cushion exists which will permit the creditor to recognize payment of its accruing interest. See In re Mellor, 734 F.2d 1396 (9th Cir. 1984).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    The lienholders are anticipated to claim security interests in or liens upon Debtors'

2  accounts and proceeds and all general intangibles and proceeds.  It is anticipated that lienholders

3  will assert that their liens extend to the accounts receivables and general intangibles, which

4  would arguably include a majority of the revenue from the business operations.  As set forth in

5  the Chen Declaration, Debtors anticipate the collection of funds resulting from the leasing of

6  their commercial properties.  Debtors also anticipate receipt of rental income from the tenants

7  which rent space from Debtors at Debtors' various commercial properties.

8    Finally, as a general rule, property acquired by an estate after the Petition Date is not

9  subject to a lien or security interest existing pre-petition.  11 U.S.C. § 552(a).  Section 552(b)

10  provides that valid pre-petition liens and security interests in rents and hotel revenues (i.e., "the

11  fees, charges, accounts, or other payments for the use or occupancy of warehouse and other

12  public facilities in hotels, motels, or other lodging properties") continue in such rents and hotel

13  revenues generated post-petition, "except to any extent that the court, after notice and a hearing,

14  based on the equities of the case, orders otherwise."  See 11 U.S.C. § 552(b)(2).

15    To the extent any lienholders are deemed to have an interest in post-petition receivables

16  and revenues and notwithstanding the continuation of lienholders' security interest in such post-

17  petition receivables and revenues, pursuant to Section 552(b)(2) of the Bankruptcy Code, the

18  continued validity of a security interest in proceeds, product, offspring and profits can be limited

19  or eliminated if ordered by the court "based on the equities of the case."  See 11 U.S.C. §

20  552(b)(2).  The "equities of the case" require Debtors' use of Cash Collateral.  Without the

21  ability to use cash collateral as requested herein, the Debtors' estate will suffer irreparable and

22  immediate harm caused by Debtors' inability to preserve the assets of the estate and otherwise

23  continue operations in the ordinary course of business.  The continued operations of Debtors are

24  enhancing the value of lienholders' claims.

25  / / /

26  / / /

27  / / /

28  / / /

8

## VI.
## CONCLUSION

WHEREFORE, Debtors request entry of the Interim Order in the form attached hereto as Exhibit "1" authorizing its use of all Cash Collateral, until such time as a Final Order may be entered following the Final Hearing for use of Cash Collateral, and Debtor further requests that a hearing date to be set for the Final Hearing on use of Cash Collateral for thirty (30) days from entry of the Interim Order and for any further relief the Court deems just and proper.

DATED this 24th day of February, 2011.

LARSON & STEPHENS

BY /s/ Zachariah Larson, Esq.
Zachariah Larson, Esq., Bar No. 7787
Shara Larson, Esq., Bar No. 7786
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Proposed Attorneys for Debtor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

9