Zachariah Larson, Esq. (NV Bar No. 7787)
Shara Larson, Esq. (NV Bar No. 7786)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Proposed Attorneys for Debtors and
Debtors in Possession

E-Filed on: 2-24-2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

In re:

NICK3, LLC,

            Debtor

NASDAQ5, LLC,

            Debtor

ALEC4, LLC,

            Debtor

Affects:

☒    All Debtors

☐    Affects the following Debtor(s)

Case No.: BK-S-11-11249-BAM
(Jointly Administered with Case No.:
BK-S-11-11252-BAM, BK-S-11-11253-BAM)

Chapter 11

Hearing Date: 3-29-2011
Hearing Time: 10:00 AM
Courtroom 3

**DEBTOR'S MOTION FOR AN ORDER UNDER SECTION 366 OF THE
BANKRUPTCY CODE (A) PROHIBITING UTILITY PROVIDERS FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING
UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND
(C) ESTABLISHING PROCEDURES FOR DETERMINING
REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Nick3, LLC, Nasdaq5, LLC and Alec4, LLC, debtors and debtors in possession

(collectively the "Debtors"), respectfully request this Court for an order (A) prohibiting utility

providers from altering, refusing, or discontinuing service, (B) deeming utilities adequately

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

assured of future performance, and (C) establishing procedures for determining requests for additional adequate assurance (the "Motion").    This Motion is supported by the accompanying "Memorandum of Points and Authorities" and the "Declaration of Chun Leon Chen in Support of the Motion herein (the "Chen Declaration") filed today.

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    General Background

On January 28, 2011, the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

No creditors' committee has yet been appointed in this case by the United States Trustee.

The Court has jurisdiction over this matter pursuant to 28 USC 157 and 1334. Venue is proper pursuant to 28 USC 1408 and 1409. This matter is a core proceeding pursuant to 28 USC 157(b)(2).

The Debtors have filed a motion with this Court pursuant to Bankruptcy Rule 1015(b) seeking joint administration of the Debtors' estates and the Motion was heard on an Order Shortening Time on February 14, 2011 and the Order has been lodged with the Court but not yet entered.

The statutory predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

/ / /

/ / /

/ / /

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## B.    Background Related to Utilities

In the normal course of business, the Debtors have relationships with various utility companies and other providers for the provision of telephone, telecommunications, and related or other services (the "Utility Services"). The utility companies and providers the Debtors intend to use after the Petition Date (each a "Utility Provider" and, collectively, the "Utility Providers") are set forth on the list attached hereto as Exhibit A.[1]  The Debtors estimate that their average monthly postpetition payments to the Utility Providers will aggregate approximately $2,900.35.

Because uninterrupted Utility Services are critical to the Debtors' ongoing operations, the Debtors, by this Motion and pursuant to sections 105(a) and 366 of the Bankruptcy Code, seek the entry of an order:    (a) prohibiting the Utility Providers from altering, refusing, or discontinuing services; (b) deeming Utility Providers adequately assured of future payment; and (c) establishing procedures for determining adequate assurance of future payment.

In order to provide adequate assurance of payment for future services to the Utility Providers, the Debtors propose to make a deposit (a "Utility Deposit") equal to 50% of the Debtors' estimated cost of their monthly utility consumption less any deposit held by the Utility Providers, as provided in Exhibit A, to each Utility Provider that the Debtors intend to continue to utilize during the course of these Cases.[2]  The Debtors estimate that the Utility Deposits, in the aggregate, will total approximately $1,450.18.  The Debtors propose to make Utility Deposits to

---

[1]  The listing of any entity on Exhibit A hereto is not an admission that any listed entity is a utility within the meaning of section 366 of the Bankruptcy Code.  The Debtors reserve the right to assert at any time that any entity listed on Exhibit A is not entitled to adequate assurance pursuant to Bankruptcy Code section 366.  The Debtors further reserve the right to terminate the services of any Utility Provider at any time and to seek an immediate refund of any Utility Deposit without giving effect to any right of setoff or claim asserted by a Utility Provider against the Debtors.

[2]  As noted, the listing of any entity on Exhibit A hereto is not an admission that such entity is a utility within the meaning of section 366.  Accordingly, the Debtors reserve the right to assert at any time that any entity listed on Exhibit A is not entitled to any deposit or other adequate assurance under section 366.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

each of the Utility Providers specified on <u>Exhibit A</u> hereto within ten (10) days after the entry of an interim order granting this Motion, pending further order of the Court, for the purpose of providing each Utility Provider with adequate assurance of payment of its postpetition services to the Debtors.

At this critical time, and given the nature of the Debtors' business, uninterrupted electricity, gas, water, garbage service and local and long distance telephone services are essential to the ongoing operations of the Debtors' business and to the preservation of the value thereof. Any interruption, however brief, in Utility Services to the Debtors will irreparably disrupt the Debtors' operations and ability to liquidate their assets in an orderly manner.

The Debtors have and will have adequate cash to meet all of their necessary postpetition operating expenses on a current basis, including payments to the Utility Providers. The Debtors have specifically included in their budget amounts for payments to Utility Providers, including the payment of the Utility Deposits.

## C.    The Debtors' Proposed Adequate Assurance Procedures

In addition, the Debtors seek to establish reasonable procedures (the "Procedures") by which a Utility Provider may request additional adequate assurance of future payment, in the event that such Utility Provider believes that its Utility Deposit does not provide it with satisfactory adequate assurance. Such Procedures, in particular, would provide that:

a.    If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors' pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon the Debtors setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtors' monthly historical utility use over the past six months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

b.    The Request must be actually received by the Debtors and Debtors' counsel, Zachariah Larson, Esq., Larson & Stephens, 801 S. Casino Center Blvd. #104, Las Vegas, Nevada 89101, within forty-five (45) days of the date of the interim order granting this Motion (the "Request Deadline");

c.    Without further order of·the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if the Debtors, in their discretion, determine that the Request is reasonable;

d.    If the Debtors believe that a Request is unreasonable, then the Debtors shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitute adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors nor recover or setoff against a pre-petition date deposit; and

e.    Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

If the Debtors supplement the list in Exhibit A hereto subsequent to the filing of this Motion, the Debtors will serve a copy of this Motion and the signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service"). In addition, the Debtors will also provide a Utility Deposit in the amount of 50% of the estimated cost of monthly utility consumption for the added Utility Provider less any deposit already held by the Utility Provider. Concurrently with the Supplemental Service, the Debtors will file with the Court a supplement to Exhibit A adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request.

///

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

Finally, the Order provides that the Debtors may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by the Debtors herein, the Utility Provider shall immediately refund any Utility Deposit to the Debtors, without giving effect to any rights of setoff or any claims the Utility Provider may assert against the Debtors. The Debtors believe that the immediate refund of a Utility Deposit by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by the Debtors.

## D.    Basis For Relief

Such relief is necessary because uninterrupted utility services are critical to Debtors' ability to sustain its operations and achieve a successful reorganization. If utility companies cease providing service to Debtors, Debtors' business will be severely damaged, thus jeopardizing the value of their assets and the ability to successfully reorganize. Moreover, the utility companies will not suffer any tangible economic harm as a result of the relief requested herein; Debtors will compensate the utility companies in full for any post-petition services they provide.

Although the Debtors anticipate that the cash flow from their ongoing business operations and additional post-petition financing provided by their prepetition lenders will be sufficient to allow them to satisfy all administrative expenses, including post-petition utility bills, on a current and ongoing basis, the Debtors are proposing to establish the Utility Deposit Account to provide the Utilities with adequate assurance of payment for their services. The Debtors recognize, however, that certain utilities may not be satisfied that the Utility Deposit Account provides them with adequate assurance of payment. The proposed Procedures outlined above provide a fair,

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

reasonable, and orderly mechanism for the Utilities to seek additional adequate assurance while temporarily maintaining the status quo for the Debtors and for the benefit of all stakeholders.

The Debtors also propose to serve a copy of the order on all Utilities listed on Exhibit "A" attached hereto, and, if additional Utilities are subsequently identified, on such subsequently identified Utilities. The Debtors also propose that any Utility not currently listed on Exhibit "A", but subsequently identified and served by the Debtors with a copy of the order, be afforded thirty (30) days from the date of such service to make a request, if any, to the Debtors for additional adequate assurance of payment. Currently with such service, the Debtors will file with the Court a supplement to Exhibit "A" adding the name of any Utilities so served. Finally, the Debtors propose they would increase the amount of funds in the Utility Deposit Account to reflect any new information as to such Utility and the average estimated monthly charges for post-petition services provided by such Utility.

## II.

## APPLICABLE AUTHORITY

Section 366(b) of the Bankruptcy Code protects Debtors against immediate termination of utility services after commencing its case. Under that Bankruptcy Code section, a utility may not, during the first 20 days of the case, alter, refuse, or discontinue service to a debtor in a chapter 11 case solely because of unpaid pre-petition amounts, but the utility may do so thereafter unless the debtor furnishes "adequate assurance" of payment, in the form of a deposit or otherwise, for post-petition services in a form "satisfactory" to the utility.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, courts, commentators, and legislative history had all confirmed that section 366 does not require, in every case, that the debtor provide a deposit or other security to its utilities as adequate assurance of payment. In *Virginia Electric & Power Co. v. Caldor, Inc. – New York,*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

7

117 F.3d 646 (2nd Cir. 1997), the United States Court of Appeals for the Second circuit affirmed the Bankruptcy Court's ruling that the debtor's pre-petition payment history, its post-petition liquidity, and the administrative expense priority treatment afforded post-petition invoices constituted adequate assurance of future performance.  Id. At 647.  The court rejected the argument that section 366(b) nevertheless requires a "deposit or other security".

> [A] bankruptcy court's authority to "modify" the level of the "deposit or other security", provided for under [section] 366(b), includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment".

Id. At 650; See also Shirey v. Philadelphia Elec. Co. (In re Shirey), 25 B.R. 247, 249 (Bankr. E.D. Pa 1982) ("[S]ection 366(b).... Does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a pre-petition debt owed for services rendered.")

Under the recently enacted section 366(c) of the bankruptcy Code, however, in a chapter 11 case, a utility company may alter, refuse, or discontinue utility service if within 30 days after commencement of the Chapter 11 case, the utility company does not received adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance of payment.  Furthermore, under section 366(c), in making a determination of whether an assurance of payment is adequate, the court may not consider (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, or (iii) the availability of an administrative expense priority.

The requirement that a utility receive adequate assurance of payment, however, does not require a guarantee of payment.  It is intended to avoid exposing the utility to an unreasonable rick of non-payment.  In *In re Adelphia Business Solutions, Inc.*, 280 B.R. 63 (Bankr. S.D.N.Y. 2002), the bankruptcy court for the Southern District of New York stated that "[i]n determining

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services." Id. At 80.  The essence of the Court's inquiry is an "examination of the totality of the circumstances [in making] an informed judgment as to whether . . . utilities [will] be subject to an unreasonably risk" of nonpayment. Id. At 82-83.

The Debtors seek to mitigate the Utilities' risk of non-payment, while maintaining adequate capital to operate his business during Chapter 11 by establishing the Utility Deposit Account.  Under the circumstances of this case, the Debtors believe that the establishment of a substantial cash reserve in the form of the Utility Deposit Account, relative to the Debtors' estimated monthly consumption, constitutes adequate assurance of payment within the meaning of section 366(c) of the Bankruptcy Code.  The Debtors propose to protect the Utilities further by establishing a reasonable procedure for them to request additional adequate assurance of payment.    Separate negotiations with each of the Utilities would be time-consuming and unnecessarily divert the Debtors from other critical tasks related to the operation of their business and the restructuring.  If the Debtors fail to reach an early agreement with each Utility, they would have to file motions seeking expedited determination as to adequate assurance or risk service termination.

The proposed Procedures therefore preserve the status quo and ensure continued utility services, while providing a prompt forum for the resolution of any dispute as to adequate assurance. Section 105(a) of the Bankruptcy Code authorizes the Bankruptcy Court to enter "any order. . .that is necessary or appropriate to carry out the provisions of this title".   11 USC §105(a).  Because the proposed Procedures protect the Debtor without materially prejudicing the Utilities, they carry out the provisions of section 366 and therefore are appropriate under section 105(a).   Similar relief has been granted in other Chapter 11 reorganization cases since the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 took effect on October 17, 2005. See e.g., In re Refco, Inc., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Dec. 9, 2005); In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D.Del. Dec. 2, 2005); In re Joy, Case No. 08-23264 (BAM) (Bankr. D.Nev. 2008).

WHEREFORE the Debtors respectfully request that the Court enter an Order    (i) prohibiting Utilities from altering, refusing or discontinuing services or requiring additional deposits or other security on account of the commencement of these cases or any pre-petition claims, (ii) establishing procedures for determining requests for additional adequate assurance of payment pursuant to the form or order attached hereto, and (iii) granting the Debtor such other and further relief as is just and proper.

Dated:    February 24, 2011

LARSON & STEPHENS

/s/Zachariah Larson

Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada  89101

[Proposed] Counsel for Debtors and
Debtors in Possession

## EXHIBIT A

### Property Address and Utilities

The following is a list of the Debtors' residential properties including the utility services paid by the Debtor on those properties.

**Property #1**
**4631 Spring Mountain Rd.,**
**Las Vegas, NV**

**Utiltiies Services Provided to Property:**

Nevada Power Company
Las Vegas Valley Water District
Republic Services
Clark County Water Reclamation
CenturyLink
Diversified Protection Systems, Inc.

**Property #2**
**6170 W. Desert Inn Rd.**
**Las Vegas, NV**

**Utility Services Provided to Property:**

None at this time.  Tenant pays all utilities

**Property #3**
**Land in Culberson County, TX**
**(Section 6 Block 112 Lot 148)**

**Utility Services Provided to Property:**

None at this time.

**Property #4**
**Land in Luna, NM**
**(Unit 7 Block 6 Lot 8)**

**Utility Services Provided to Property:**

None at this time.

/ / /

/ / /

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Property #5**
**Land in Luna, NM**
**(Unit 9 Block 4 Lot 27)**

<u>**Utility Services Provided to Property:**</u>

None at this time.

**Property #6**
**Land in Luna, NM**
**(Unit 9 Block 4 Lot 12)**

<u>**Utility Services Provided to Property:**</u>

None at this time.

**Property #7**
**4480 Spring Mountain Rd.**
**Las Vegas, NV**

<u>**Utility Services Provided to Property:**</u>

Nevada Energy
Republic Services
Las Vegas Valley Water District
Clark County Water Reclamation
CenturyLink
Diversified Protection Systems, Inc.

**Property #8**
**4949 Spring Mountain Rd.**
**Las Vegas, NV**

<u>**Utility Services Provided to Property:**</u>

Las Vegas Valley Water District
Clark County Water Reclamation
Nevada Energy

**Property #9**
**11870/11842 Industrial Rd. (Lot 3)**
**Las Vegas, NV**

<u>**Utility Services Provided to Property:**</u>

None at this time.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Property #10**
**207 E. Van Buren Drive, AZ**
**(APN 500-10-001-F)**

**Utility Services Provided to Property:**

None at this time.

**Property #11**
**Land in Apache, AZ**
**(APN 211-41-009-D-6)**

**Utility Services Provided to Property:**

None at this time.

**Property #12**
**Land in Coconino, AZ**
**(APN 406-64-2-002-C-7)**

**Utility Services Provided to Property:**

None at this time.

**Property #13**
**Land in Millard County, UT**
**(A/C #149246 ; APN 4D-4613-4)**

**Utility Services Provided to Property:**

None at this time.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169