Zachariah Larson, Esq. (NV Bar No. 7787)
Shara Larson, Esq. (NV Bar No. 7786)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Proposed Attorneys for Debtors and
Debtors in Possession

E-Filed on: 2-24-2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

In re:

NICK3, LLC,

    Debtor

NASDAQ5, LLC,

    Debtor

ALEC4, LLC,

    Debtor

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: BK-S-11-11249-BAM
(Jointly Administered with Case No.:
BK-S-11-11252-BAM, BK-S-11-11253-BAM)

Chapter 11

Hearing Date:  3-29-2011
Hearing Time:  10:00 AM
Courtroom 3

## APPLICATION TO EMPLOY SOUTHWESTERN MANAGEMENT AND REALTY TEAM AS PROPERTY MANAGEMENT COMPANY FOR DEBTOR AND DEBTOR-IN-POSSESSION

    Nick3, LLC; Nasdaq5, LLC and Alec4, LLC, ("Debtor"), debtor and debtor-in-possession in this chapter 11 Case, respectfully requests that this Court Approve, as of August 17, 2010, the employment of SOUTHWESTERN MANAGEMENT AND REALTY TEAM ("SMRT") as the property management company ("management") to the Debtors Nick3, LLC, Nasdaq5, LLC and Alec4, LLC. This Application ("Application") is made and based upon Bankruptcy Code §§ 327, 328, 329 and 1107, and Bankruptcy Rule(s) 2014 and 2016 (b), the

accompanying Declaration of Michael Sumiyoshi ("Sumiyoshi Declaration"), the papers and pleadings on file herein, and any argument of counsel presented at any hearing help with respect to this application.

## A.  RELEVANT FACTS

1. It is essential to the conduct of the Debtors' reorganization efforts in its Chapter 11 case that the Debtors employ a property management company for the various properties owned by Debtors.

2. This Application seeks permission to employ SMRT as the property management company and to allow SMRT to continue its management and leasing of Debtor's commercial buildings located at 4631 Spring Mountain Rd., Las Vegas, Nevada and 4480 Spring Mountain Road, Las Vegas, Nevada. It is anticipated that SMRT will therefore continue to work within the scope of its contract dated October 1, 2007.

4. As more particularly set forth in the accompanying Sumiyoshi Declaration, SMRT has no interest in the Debtor or Debtor-in-Possession.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1134. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). The statutory basis for the relief sought herein is Sections 327, 328, 1107 and 1108 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016(b). Venue of Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. SMRT is a licensed and bonded business doing business in the County of Clark, State of Nevada.

7. SMRT's contracted services to the Debtor are to manage, lease, evict, collect rents and pay all ongoing operating expenses associated with the management of the property as outlined in the Property Management Agreements, attached hereto as Exhibit "1" and "2".

8. Except as may be disclosed in the Sumiyoshi Declaration, and to the best of Debtor's knowledge, information and belief, SMRT is "disinterested" within the meaning of Section 101(4) of the Bankruptcy Code in that SMRT, its Directors, counsel and associates:

  (a) Are not creditors or insiders of Debtor companies;

(b) Are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor as specified in subparagraph (c) of 11 U.S.C. §101 (4); and

(c) Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders.

9. Subject to Court approval, in accordance with 11 U.S.C. §330, the Debtor seeks to retain SMRT on an monthly basis at the customary and standard rates that SMRT charges for similar work, plus reimbursement of actual and necessary expenses that does not fit the scope of the property management agreement.

10. The contractual rates of SMRT is 4% fee for management and 3% fee for renting or leasing as outlined in the Property Management Agreements attached hereto as Exhibit "1" and "2". It is anticipated that SMRT will work with the Debtor and Debtor-in-Possession.

11. It may be necessary for SMRT to require additional services at which time SMRT may seek interim compensation during this case as permitted by 11 U.S.C. §331 and Federal Rule of Bankruptcy Procedure 2016. SMRT understands that its compensation is subject to prior Court approval.

WHEREFORE, Debtor respectfully requests the following relief:

1. That the court enter an Order granting the relief sought by Debtor in this Application;

2. That such Order authorize the Debtor's employment of SMRT in all of the Debtor's capacities, including Debtor in Possession, as of January 28, 2011, to render legal services as described above in the Susa Declaration, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Section 330 of the Bankruptcy Code; and

. . .

. . .

. . .

3. That the Court grant the Debtor such other and further relief as is proper and just under the circumstances.

DATED: February 23, 2011.

BY: _____
Chun Leon Chen, Manager of Debtor LLCs

Prepared and Submitted:

LARSON & STEPHENS, LLC

/s/ Zachariah Larson
Zachariah Larson, Esq., Bar No. 7787
Shara Larson, Esq., Bar No. 7786
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Proposed Attorneys for Debtor

LARSON & STEPHENS, LLC
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
TEL: (702) 384-4436   FAX: (702) 384-4437

4