**Entered on Docket
April 04, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

Zachariah Larson, Esq. (NV Bar No. 7787)
Shara Larson, Esq. (NV Bar No. 7786)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Proposed Attorneys for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NICK3, LLC,<br>          Debtor<br><br>NASDAQ5, LLC,<br>          Debtor<br><br>ALEC4, LLC,<br>          Debtor<br><br>_____<br>Affects:<br><br>☒    All Debtors<br><br>☐    Affects the following Debtor(s) | Case No.: BK-S-11-11249-BAM<br>(Jointly Administered with Case No.:<br>BK-S-11-11252-BAM, BK-S-11-11253-BAM)<br><br>Chapter 11<br><br><br><br><br>Hearing Date: 3-29-2011<br>Hearing Time: 10:00 AM<br>Courtroom 3 |

**ORDER AUTHORIZING DEBTOR'S EMERGENCY MOTION FOR ORDER (1)
PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR**

**DISCONTINUING SERVICE (2) AUTHORIZING PAYMENT OF PREPETITION ORDINARY COURSE CLAIMS OF UTILITY COMPANIES, AND DEEMING UTILITY COMPANIES ADEQUATELY ASSURED AND (3) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the Emergency Motion for Order (1) Prohibiting Utility Companies From Altering, Refusing or Discontinuing Service (2) Authorizing Payment of Prepetition Ordinary Course Claims of Utility Companies, And Deeming Utility Companies Adequately Assured and (3) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Application") of NICK3, LLC, NASDAQ5, LLC and ALEC4, LLC, ("Debtors"), debtors and debtors-in-possession, by and through its proposed attorneys, the law firm of Larson & Stephens, LLC, for an order: authorizing (i) prohibiting utility companies from altering, refusing or discontinuing service, (ii) authorizing payment of prepetition ordinary course claims of utility companies, and deeming utility companies adequately protected, and (iii) establishing procedures for determining requests for additional adequate assurance (the "Motion") came before the Court for consideration, proper notice of the Motion having been given, and good cause appearing,

IT IS ORDERED THAT AS TO EXISTING ACCOUNTS:

1. Granting the Motion on an interim basis;

2. That within ten (10 days after the date of entry of this Interim Order, the Debtor shall furnish the Utilities adequate assurance of payment for post-petition date services by depositing $725.09, a sum equal to 50% percent of the Debtor's estimated monthly costs for utility service for each of the Utility Companies into an interest-bearing, segregated account within 10 business days of entry of the attached Order (each, a "Utility Deposit"). Funds in the Utility Deposit Account shall be used for the sole purpose of providing each Utility with adequate assurance of payment of its post-petition date services to the Debtors,

3. That except in accordance with the procedures set forth below, absent further order of the Court, each Utility is prohibited from (a) altering, refusing or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of any additional deposit or other security in connection with the Utilities'

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1  continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone, or any other utility of like kind, to the Debtor;

4. That if a Utility is not satisfied with the assurance of payment provided under this Interim Order, the Utility must serve a written request (a "Request") for additional assurance of payment on the Debtor to Debtor's Counsel, Larson & Stephens, 810 S. Casino Center Blvd. #104, Las Vegas, NV 89104. The Request must be actually received by Debtors' counsel within thirty (30) days of the date of the entry of an order granting final approval of the relief requested in the Motion (the "Request Deadline"). The Request must set forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and an explanation of why the Utility Deposit Account is inadequate assurance of payment;

5. That with further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility serving a Request if the Debtor determines in their discretion that the Request is reasonable;

6. That if the Debtor believes that a Request is unreasonable, the Debtor, within thirty (30) days after the Request Deadline, shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking determination from the Court that the Utility Deposit Account plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion or further order of the Court, the Utility that is the subject of the Request may not alter, refuse, or discontinue service to the Debtor, request an additional deposit or other security, nor recover or setoff against a pre-petition date deposit; and

7. That any Utility that fails to make a Request shall be deemed to be satisfied that the Utility Deposit Account supplied adequate assurance of future payment;

8. That any Utility having made a Request for additional adequate assurance of payment shall be deemed to have adequate assurance until the Court enters a final order in connection with such a Request finding that the Utility is not adequately assured of future

3

payment, or until the Debtors and such Utilities otherwise resolve consensually such request for additional adequate assurance of payment at the request and/or Order of this Court;

9. That the Debtor may supplement the list of Utilities on Exhibit "A". Any subsequently identified Utility set forth on supplemental Exhibit "A" will fall within the scope of this Interim Order from the date of the filing of the amended Exhibit "A". Any Utility not listed on the Exhibit "A" hereto, but subsequently identified by the Debtors, shall be served with notice and a copy of this Order and be afforded thirty (30) days from the date of service to request adequate assurance, if any, from the Debtors. Such a request must otherwise comply with the requirements set forth above or shall be deemed an invalid adequate assurance request. The Debtor shall increase the amount of funds in the Utility Deposit Account to reflect any new information as to such Utility and the average estimated monthly charges for post-petition services provided by such Utility;

10. The nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the bankruptcy Code nor shall anything herein be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of a executory contract.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

LARSON & STEPHENS, LLC


By:    /s/ Zachariah Larson
    Zachariah Larson, Esq.
    810 S. Casino Center Blvd., Suite 104
    Las Vegas, Nevada 89101
    Proposed attorneys for Debtor

4

**EXHIBIT A**

**Property Address and Utilities**

The following is a list of the Debtors' residential properties including the utility services paid by the Debtor on those properties.

**Property #1**
**4631 Spring Mountain Rd.,**
**Las Vegas, NV**

**Utiltiies Services Provided to Property:**

Nevada Power Company
Las Vegas Valley Water District
Republic Services
Clark County Water Reclamation
CenturyLink
Diversified Protection Systems, Inc.

**Property #2**
**6170 W. Desert Inn Rd.**
**Las Vegas, NV**

**Utility Services Provided to Property:**

None at this time.  Tenant pays all utilities

**Property #3**
**Land in Culberson County, TX**
**(Section 6 Block 112 Lot 148)**

**Utility Services Provided to Property:**

None at this time.

**Property #4**
**Land in Luna, NM**
**(Unit 7 Block 6 Lot 8)**

**Utility Services Provided to Property:**

None at this time.

/ / /

/ / /

5

**Property #5**
**Land in Luna, NM**
**(Unit 9 Block 4 Lot 27)**

**Utility Services Provided to Property:**

None at this time.

**Property #6**
**Land in Luna, NM**
**(Unit 9 Block 4 Lot 12)**

**Utility Services Provided to Property:**

None at this time.

**Property #7**
**4480 Spring Mountain Rd.**
**Las Vegas, NV**

**Utility Services Provided to Property:**

Nevada Energy
Republic Services
Las Vegas Valley Water District
Clark County Water Reclamation
CenturyLink
Diversified Protection Systems, Inc.

**Property #8**
**4949 Spring Mountain Rd.**
**Las Vegas, NV**

**Utility Services Provided to Property:**

Las Vegas Valley Water District
Clark County Water Reclamation
Nevada Energy

**Property #9**
**11870/11842 Industrial Rd. (Lot 3)**
**Las Vegas, NV**

**Utility Services Provided to Property:**

None at this time.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Property #10**
**207 E. Van Buren Drive, AZ**
**(APN 500-10-001-F)**

**Utility Services Provided to Property:**

None at this time.

**Property #11**
**Land in Apache, AZ**
**(APN 211-41-009-D-6)**

**Utility Services Provided to Property:**

None at this time.

**Property #12**
**Land in Coconino, AZ**
**(APN 406-64-2-002-C-7)**

**Utility Services Provided to Property:**

None at this time.

**Property #13**
**Land in Millard County, UT**
**(A/C #149246 ; APN 4D-4613-4)**

**Utility Services Provided to Property:**

None at this time.

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021 (b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| Michael R. Brooks, Esq. Attorney for East West Bank | 3-29-11 – Failed to Respond |
|---|---|

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR9014(g), and that no party has objected to the form or content of the order.

I declare under penalty or perjury that the foregoing is true and correct.

LARSON & STEPHENS, LLC

By: /s/ Shara Larson
Zachariah Larson, Esq. , Bar No.: 7787
Shara Larson, Esq., Bar No. 7786
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Attorneys for Debtor

###

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8